## FIRST COMMONWEALTH CORP.

### v.

## HIBERNIA NATIONAL BANK IN NEW ORLEANS, et al.

### No. 91–2743.

United States District Court,
E.D. Louisiana.

Feb. 21, 1995.

John C. Combe, Jr., Warren M. Schultz, Jr., M. Richard Schroeder, T. Michael Twomey, Jones, Walker, Waechter, Poitevent, Carrere & Denegre, New Orleans, LA, for First Com. Corp.

Robert Stephen Rooth, Corinne Ann Morrison, James Calvin Young, Chaffe, McCall, Phillips, Toler & Sarpy, New Orleans, LA, John F. Weeks, II, Usry & Weeks, Metairie, LA, for Hibernia Nat. Bank in New Orleans.

Robert G. Stassi, Chehardy, Sherman, Ellis, Breslin & Murray, Metairie, LA, Frank Gerald DeSalvo, New Orleans, LA, for Leonard H. Aucoin.

Frank Gerald DeSalvo, New Orleans, LA, for W. Joel Herron.

Richard Terrell Simmons, Jr., Kurt D. Engelhardt, Hailey, McNamara, Hall, Larmann & Papale, Metairie, LA, for Dennis J. Lafont.

Laurence D. Rudman, Pierre V. Miller, II, Kiefer & Rudman, APLC, Metairie, LA, for Jerry F. Palmer.

Jerry F. Palmer, pro se.

### ORDER AND REASONS

JONES, District Judge.

Pending before the Court is Plaintiff First Commonwealth Corporation's "Motion for Judgment as a Matter of Law and Memorandum in Support." Having reviewed the record in this matter, the evidence presented at trial and the applicable law, the Court GRANTS the motion.

#### Background

This matter was tried before a jury previously. At the conclusion of the trial but prior to the jury's rendering of a verdict, the parties agreed to submit to the Court instead of the jury the determination of Hibernia National Bank's counterclaim, *i.e.*, whether Hibernia could recover attorney's fees from First Commonwealth.

Hibernia had alleged that it was entitled to recover its attorney's fees and expenses as a result of this litigation per Section E.(b) of the Custodian Agreement at issue. (Plaintiff's Exhibit 1.) This section provided that First Commonwealth agreed to indemnify and hold Hibernia harmless for certain matters "including reasonable counsel fees and expenses suffered or incurred by Hibernia . . . provided Hibernia has fulfilled its obligations hereunder in accordance with the standards set forth in paragraph A.(3)."

Section A.(3) provided that Hibernia would not be liable for any acts or omissions performed in good faith or for claims or damages "made or suffered by any party to this agreement, excepting such as may arise

through or be caused by its own willful misconduct or gross negligence."

The parties agreed that willful misconduct was not an issue at trial. The jury found that Hibernia breached the Custodian agreement through its gross negligence and that the breach caused First Commonwealth damages. (Verdict Form, attached to R.Doc. 245.) However, the jury found that the damages allegedly sustained by First Commonwealth were not foreseeable.

### Law and Application

In the pending motion, First Commonwealth urges the Court to dismiss Hibernia's counterclaim because the indemnity provision in the Custodian Agreement is ambiguous, relying on *Commercial Bank & Trust Co. v. Bank of Louisiana,* 487 So.2d 655 (La.App. 5th Cir.1986).

However, the Court does not have to reach the ambiguity issue. The Court adopts the jury finding that Hibernia was grossly negligent. Therefore, by its very terms, the indemnity relied on by Hibernia has no effect.

Accordingly,

**IT IS ORDERED** that First Commonwealth Corporation's "Motion for Judgment as a Matter of Law and Memorandum in Support" on the counterclaim of Hibernia National Bank **BE** and **IS HEREBY GRANTED.**

**IT IS FURTHER ORDERED** the Counterclaim of Hibernia National Bank **BE** and **IS HEREBY DISMISSED WITH PREJUDICE.**